UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                             Case No. 1:14-cv-00884-SCY-KK

ROARK-WHITTEN HOSPITALITY 2, LP dba Whitten Inn,
ROARK-WHITTEN HOSPITALITY 3, LP dba Whitten Inn,
TRAVELLODGE, LTD dba Whitten Inn Expo AND
BETTER HOTELS, LTD dba Whitten Inn, and
XYZ Company(s)/Corporation(s).

    Defendants.

## DEFENDANTS' ROARK-WHITTEN HOSPITALITY 3, LP, TRAVELLODGE, LTD, and BETTER HOTELS, LTD'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Now comes Roark-Whitten Hospitality 3, LP, Travellodge, LTD (*sic*), and Better Hotels, LTD (the "Non-Taos Defendants") by their attorneys Keleher McLeod, PA (S. Charles Archuleta and Marian B. Hand) and moves this Court to dismiss the EEOC's Amended Complaint against them pursuant to Fed. R. Civ. P. 12(b)(2). As grounds therefore, the Non-Taos Defendants state they are not subject to personal jurisdiction in the State of New Mexico. Pursuant to D.N.M.LR-Civ. 7.1(a) concurrence was requested from the EEOC and we have received no response.

### I. INTRODUCTION

This case originates from Charges of Discrimination filed by certain employees (the "Charging Parties") of Roark-Whitten Hospitality 2, LP, which owned and operated the Whitten Inn in Taos, New Mexico (Whitten Inn - Taos), and who alleged discrimination at the Whitten Inn - Taos location. Plaintiff, EEOC, has filed this lawsuit against not only Whitten Inn - Taos,

but against three Non-Taos Defendants alleging integrated enterprise and unlawful employment practices based on race, national origin, and retaliation.

The EEOC's Amended Complaint acknowledges that the "employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico." [Doc. 4, ¶2] What the EEOC fails to disclose, however, is that all of the Defendants are entities organized and operating under the laws of Texas, and that the non-Taos Defendants do not have any contacts or business in New Mexico.

Roark-Whitten Hospitality 3, LP is a Texas limited partnership that operates a hotel in Santee, South Carolina. *See Certificate of Fact attached as Exhibit A and Declaration of Larry Whitten, President of Eastside Hotel, Inc., general partner of Roark-Whitten Hospitality 3, LP* filed herewith. Abilene Travelodge, Ltd is a Texas limited partnership that operated a hotel in Abilene, Texas until January 2013. *See Certificate of Fact attached as Exhibit B and Declaration of Larry Whitten, President of Eastside Hotel, Inc., general partner of Abilene Travelodge, Ltd.* filed herewith. Better Hotels, Ltd is a Texas limited partnership that operates a hotel in Abilene, Texas. *See Certificate of Fact attached as Exhibit C and Declaration of Larry Whitten, President of BTAFWP, Inc., general partner of Better Hotels, Ltd.* filed herewith. In order for the Court to exercise personal jurisdiction over out-of-state Non-Taos Defendants, the Court must look to whether due process is satisfied.

Due process is not satisfied for the Non-Taos Defendants. First, there is no general personal jurisdiction over the Non-Taos Defendants because none of these defendants have continuous or systematic contacts with New Mexico. Second, there is no specific personal jurisdiction over the Non-Taos Defendants. Finally, assertion of personal jurisdiction over the non-Taos Defendants would offend traditional notions of fair play and substantial justice. The

EEOC's Amended Complaint should be dismissed against the Non-Taos Defendants for lack of personal jurisdiction.

## II. Argument

### A. Legal Standard

The Due Process Clause contained in the Fourteenth Amendment requires that a defendant be subject to a court's personal jurisdiction before judgment may be rendered against it. *See World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 291 (1980). The Tenth Circuit has determined that "[b]efore a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) 'whether the exercise of jurisdiction comports with due process.'" *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal citations omitted).

New Mexico's long-arm statute provides:

> Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from: (1) the transaction of any business within this state; . . . (3) the commission of a tortious act within this state.

*Santa Fe Tech., Inc. v. Argus Networks, Inc.*, 2002-NMCA-30, ¶ 14, 131 N.M. 772, 42 P.3d 1221 (*citing* NMSA 1978, §38-1-16(A)(1), (3)).

Personal jurisdiction may be either general or specific: "(1) a court may exercise general jurisdiction if the defendant's contacts with the forum state are continuous and systematic, or (2) a court may exercise specific jurisdiction over a defendant if it purposefully directs activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Doering ex. Rel Barrett v. Copper Mountain, Inc.*, 259 F. 3d 1202, 1210 (10th

Case 1:14-cv-00884-MCA-LF   Document 12   Filed 02/04/15   Page 4 of 10

Cir. 2001) (citing *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F. 3d 453, 455 (10th Cir. 1996)). If a defendant has "continuous and systematic contacts with New Mexico such that the defendant could reasonably foresee being haled into court in that state for any matter, New Mexico has general personal jurisdiction and the plaintiff need not demonstrate a connection between the defendant's contacts and the cause of action." *Zavala v. El Paso County Hospital District*, 2007-NMCA-149, ¶ 12 (internal citations omitted). "If a defendant's contacts do not rise to that level, but the defendant nonetheless purposefully established contact with New Mexico, New Mexico will have jurisdiction only if the cause of action arose out of the contacts with New Mexico." *Id.* (internal citations omitted) (internal quotation marks omitted). "Both general and specific personal jurisdiction require a showing that exercise of jurisdiction would not offend traditional notions of fair play and substantial justice." *Id.* (citations omitted) (internal quotation marks omitted).

Finally, it is the EEOC's burden to establish that this Court has personal jurisdiction over the Non-Taos Defendants. *See Walker v. THI of New Mexico*, 801 F. Supp. 2d 1128, 1141 (D. N.M. 2011) (citing *Behagen v. Amateur Basketball Ass'n*, 744 F. 2d 731, 733 (10th Cir. 1995)).

### B. The Non-Taos Defendants Did Not Purposefully Interject Themselves into This Jurisdiction And This Court Does Not Have General Personal Jurisdiction.

"General jurisdiction requires a plaintiff to demonstrate that a defendant's contacts with the forum state were so pervasive as to confer personal jurisdiction by the continuous and systematic nature of the defendant's in-state activities." *Weisler v. Community Health Systems, Inc.*, No. 12-0079, 2012 U.S. Dist. LEXIS 139924, 29, 2012 WL 4498919, (D.N.M. Sept. 27, 2012) (unpublished) (internal citations omitted). The Tenth Circuit has articulated the relevant factors for assessing continuous and systematic contacts with the forum state to include

> (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements . . . or back accounts; and (4) the volume of business conducted in the state.

*Id* at 30 (*quoting Trierweiler v. Croxton & Trench Holding Corp.*, 90 F. 3d 1523, 1533 (10th Cir. 1996)). As set forth on the Declarations filed herewith, none of these factors are present with the Non-Taos Defendants.

Each of the Non-Taos Defendants are separate limited partnerships which operate distinct hotels in states other than New Mexico, and are organized and operate under the laws of Texas with principal places of business outside New Mexico. None of the Non-Taos Defendants have any business in New Mexico. The Non-Taos Defendants do not solicit business in New Mexico, do not send agents into New Mexico on a regular basis to solicit business, do not advertise or maintain bank accounts in New Mexico, and conduct no business in New Mexico. See Declarations filed herewith.

Writing for a unanimous United States Supreme Court, Justice Ginsberg stated "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State". Goodyear *Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). "A corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity". Id. at 2846 (*quoting International Shoe Co. v. Wash.*, 326 U.S. 310, 318 (1945). For a corporation, the exercise of general jurisdiction would be appropriate in its state of incorporation and the state encompassing its principal place of business. Id. at 2853-54. If any other state can ever exercise general jurisdiction, it would only

5

be in an exceptional case. *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 n. 19 (2014). No such exceptional circumstances exist in this case as the Non-Taos Defendants have no presence at all in New Mexico. Therefore, general personal jurisdiction does not exist over these defendants under New Mexico's long-arm statute.

### C. The EEOC Has Not Alleged Specific Jurisdiction Over the Non-Taos Defendants, and There Are No Facts That Support Personal Jurisdiction Based Upon Specific Jurisdiction In This Case.

"Specific jurisdiction requires a plaintiff to show that (1) a defendant has 'purposely avail[ed itself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws,' and (2) that 'the litigation results from alleged injuries that arise out of or relate to those activities.'" *Weisler*, 2012 U.S. Dist. LEXIS 139924 at 11(unpublished) (internal citations omitted). This requires that the actions of the defendant itself created the substantial connection with the forum state. *Id.* (*citing OMI Holdings*, 149 F. 3d at 1090-91). As set forth in the *Declarations* filed herewith, the Non-Taos Defendants do not conduct any business in New Mexico. Further, the EEOC's Amended Complaint [Doc. 4, ¶2] states that all of the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico. Indeed, all of the discriminatory acts alleged by the Charging Parties occurred in Taos, New Mexico.

While the EEOC in its Amended Complaint makes some vague references to alleged discriminatory policies and practices being at locations other than Taos, it does not allege any specific discriminatory or retaliatory actions outside of New Mexico. [Doc. 4, ¶¶76-78]. A reference to a race-neutral employee hairstyle policy [Doc. 4, ¶77], as well as the EEOC's failure to identify where outside of New Mexico any of the allegations outside of Taos occurred, do not provide specific personal jurisdiction over the Non-Taos Defendants. The material allegations

made by the Charging Parties, all originated in New Mexico. As the Non-Taos Defendants have no contacts with the State of New Mexico and all of the specific, material employment practices alleged by the Charging Parties to have been improper were committed at the Taos property, no specific jurisdiction exists for this Court to exercise personal jurisdiction over the Non-Taos Defendants.

    1. <u>The EEOC's Single Employer / Integrated Enterprise Theory Does Not Support Personal Jurisdiction Over the Non-Taos Entities.</u>

The EEOC alleges that the four Whitten Inn hotels and/ or Whitten Inn Defendants comprised an integrated enterprise [Doc. 4, ¶18], however, this is a liability standard not a jurisdictional standard. *EEOC v. Bass Pro*, 884 F. Supp. 2d 499, 530 (S.D.Tex. 2012) (internal citation omitted).

> The purpose of the single integrated-enterprise theory is to determine whether two entities constitute a single employer for the purposes of Title VII liability; the minimum-contacts test makes certain that persons are not drug into the courts of far-away jurisdiction in which they did not envision being involved and in which the existence of jurisdiction would be fundamentally unfair.

*Walker*, 801 F. Supp.2d at 1153 (quotations omitted). The Court should not "'confuse[ ] liability and jurisdiction' by using the single-employer theory to determine whether it has personal jurisdiction." *Id*. The Court should use the constitutional inquiry of whether the defendants have minimum contacts with New Mexico "such that maintenance of this suit does not offend traditional notions of fair play and substantial justice." *Id* at 1154 (*quoting Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F. 3d 934, 944 (7th. Cir. 2000)).

The liability theory of single-employer should not be utilized in this case to determine whether the Court has personal jurisdiction over the Non-Taos Defendants. The proper standard is the constitutional inquiry of whether the Non-Taos Defendants have minimum contacts with New Mexico such that it would not violate due process to force them to litigate the allegations in

this forum. As set forth above, the EEOC cannot make a prima facie case for either general or specific personal jurisdiction, therefore, whether the Non-Taos Defendants are part of a single, integrated enterprise is irrelevant for jurisdictional purposes. *See Walker*, 801 F. Supp. 2d at 1140 (*citing OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F. 3d 1086, 1090 (10th Cir. 1998)).

    2. The EEOC's Alter Ego Theory Does Not Support Personal Jurisdiction Over the Non-Taos Entities.

The EEOC has alleged that "[a]s the owner of the Whitten Inn, Lawrence Whitten was an alter ego for Whitten Inn." [Doc. 4, ¶ 92]. From this allegation in the Amended Complaint, it is unclear which Defendant the EEOC refers to as "the" Whitten Inn. Despite this, the theory of alter ego will not support a finding of personal jurisdiction. "Due process requirement must be satisfied no matter what theory a plaintiff uses." *Walker*, 801 F. Supp. 2d at 1152 (*citing Alto Eldorado P'ship v. Amrep*, 2005-NMCA-131, ¶ 25, 138 N.M. 607, 124 P. 3d 585). "An alter ego theory under substantive corporate law principles is not a substitute for minimum contacts." *Id.*

Judge Vasquez recognized a limited exception to the rule recognizing that an alter ego allegation may support a determination of personal jurisdiction where the contacts of a subsidiary corporation may be imputed to the parent for purposes of establishing general jurisdiction over the parent in *Weisler,* 2012 U.S. Dist. LEXIS 139924 at 27 (unpublished). Such is not the case in this proceeding. In the case at bar, the EEOC has alleged that Lawrence Whitten, who is not a defendant in this proceeding, is the alter ego of "the" Whitten Inn. [Doc. 4, ¶ 92]. Again, the EEOC's lack of clear pleading makes it impossible to determine the identity of "the Whitten Inn" in this allegation. Despite this, there are no allegations, nor can there be, that the Taos Whitten Inn Defendant is somehow the parent corporation of the Non-Taos Defendants. *See Declarations* filed herewith.

8

### D. **Traditional Notions of Fair Play and Substantial Justice Warrant Dismissal of the Non-Taos Entities For Lack of Personal Jurisdiction.**

If the Court determines that any of the Non-Taos Defendants has minimum contacts with New Mexico, it must then determine whether to exercise personal jurisdiction based on those contacts "consistent with traditional notions of fair play and substantial justice." *Weisler*, 2012 U.S. Dist. LEXIS 139924 at 47 (unpublished) (internal citations omitted). However, [t]he weaker the plaintiff's showing on [purposeful availment], the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Zavala*, 2007-NMCA-149, ¶ 30 (quoting *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994)). In determining whether exercise of personal jurisdiction is reasonable, a court should consider the following factors: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies." *Weisler*, 2012 U.S. Dist. LEXIS 139924 at 48 (unpublished) (*citing OMI Holdings, Inc.*, 149 F. 3d at 1095).

The EEOC has already acknowledged that all of the improper employment practices alleged by the Charging Parties in this matter took place in New Mexico. The burden on the Non-Taos Defendants to litigate this case in New Mexico is considerable. None of the witnesses for the Non-Taos Defendants are domiciled in New Mexico. All of the charging parties in this matter were employees of the Taos Whitten Inn entity. Further, in the event the EEOC has articulated unlawful employment practices by the Non-Taos Defendants, their forum states, i.e. Texas and South Carolina, have an interest in having their own residents seek redress for injuries in their own forum.

Even if the EEOC could cobble together a prima facie case for this Court to exercise personal jurisdiction over the Non-Taos Defendants, the exercise of such jurisdiction would be unreasonable.

## III. CONCLUSION

The Non-Taos Defendants do not have the requisite minimum contacts with New Mexico for this Court to exercise personal jurisdiction over them under the theories of either general personal jurisdiction or specific personal jurisdiction.

WHEREFORE, for the foregoing reasons, the Court should dismiss all claims against the Non-Taos Defendants for lack of personal jurisdiction.

Respectfully submitted,

KELEHER & MCLEOD, P.A.

By  /s/ S. Charles Archuleta
S. Charles Archuleta
Marian B. Hand
PO Box AA
Albuquerque, NM  87103
(505) 346-4646
sca@keleher-law.com
mbh@keleher-law.com
*Attorneys for Defendants*

I HEREBY CERTIFY that on the 4th day
of February, 2015, I filed the foregoing
pleading electronically through the CM/ECF
system, which caused all Parties or counsel
to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing.


      /s/ S. Charles Archuleta
S. Charles Archuleta

4826-0354-0257, v. 1

10