IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                                                       No. 14-CV-884 MCA/LF

ROARK-WHITTEN HOSPITALITY 2 LP,
d/b/a WHITTEN INN, and JAI HANUMAN,
LLC, d/b/a WHITTEN INN TAOS AND/OR
EL CAMINO LODGE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Plaintiff EEOC's Second Motion to Amend Complaint to Add SGI, LLC as a Defendant* [Doc. 86] and *Defendant Jai Hanuman, LLC's 12(b)(6) Motion to Dismiss* [Doc. 96]. The Court, having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, hereby **GRANTS** *Plaintiff EEOC's Second Motion to Amend Complaint to Add SGI, LLC as a Defendant* [Doc. 86] and **DENIES** *Defendant Jai Hanuman, LLC's 12(b)(6) Motion to Dismiss* [Doc. 96].

## BACKGROUND

The EEOC filed this action on September 30, 2014, seeking relief for eight named charging parties. [Doc. 1] Generally, the EEOC alleged that the Defendants created a hostile work environment, employed discriminatory policies and practices, and retaliated against the charging parties at a hotel operated by Roark-Whitten Hospitality 2, LP

1

(hereafter, Whitten Inn) in Taos, New Mexico. [Doc. 1, ¶¶ 77-97] The EEOC originally sued Whitten Inn and related companies.[1] [Doc. 1] Prior to any Defendant answering, the EEOC filed an *Amended Complaint* on December 22, 2014, adding as a Defendant "XYZ Company(s)/Corporation(s)." [Doc. 4] In the Amended Complaint, EEOC alleged that, "[u]pon information and belief, after the Commission issued reasonable cause determinations and attempted conciliation with the Whitten Inn Defendants, the Whitten Inn in Taos, New Mexico was sold in 2014 to David Patel and/or an unknown owner and/or XYZ Company(s)/Corporation(s)." [Doc. 4, ¶ 19] Subsequently, the EEOC moved to again amend its complaint, this time moving to substitute Jai Hanuman, LLC (hereafter, Jai), identifying Jai as the company previously identified as the unknown "XYZ Company(s)/Corporation(s)." [Doc. 52] The Court granted the *Motion to Amend* [Doc. 85] and the EEOC filed its *Second Amended Complaint*.

In the EEOC's *Second Amended Complaint*, the EEOC alleged that it brings its action against Jai "pursuant to Fed. R. Civ. P. 19(a)(1)(A) in order to secure appropriate relief, including re-instatement (*sic*), injunctive relief and other appropriate relief from the hotel now currently operated as the Whitten Inn in Taos, New Mexico." [Doc. 87, p. 2] The EEOC alleged that, having sold the hotel, Whitten Inn is unable to provide all relief to the charging parties, including "re-instatement (*sic*), injunctive relief and other relief" at the hotel. [Doc. 87, ¶ 17] The EEOC further alleged, upon information and belief, that Jai "has substantially continued the business operations of Whitten Inn"; that

---

[1] The Court later dismissed the related companies for lack of personal jurisdiction. [Doc. 29, p. 20]

it is involved in the same "business operations" as Whitten Inn, namely operating a hotel; that it "has jobs with substantially the same working conditions"; and that it "continues to use the hotel building," "at least some of the same work force and/or supervisory personnel," and the same machinery and equipment as Whitten Inn. [Doc. 87, ¶¶ 20-25]

The EEOC sought specific relief from Jai, including, *inter alia*: a permanent injunction enjoining "Jai Hanuman and any other successor employer" from engaging in discriminatory employment practices; an order requiring Jai to carry out and institute "policies, practices, and programs which provide equal employment opportunities" and "which eradicate the effects of its past and present unlawful employment practices"; back pay; front pay; reinstatement; "compensation for past and future pecuniary losses" including relocation and job search expenses; emotional distress damages; and punitive damages. [Doc. 87, pp. 17-18]

The EEOC also filed *Plaintiff EEOC's Second Motion to Amend Complaint to Add SGI, LLC as a Defendant*. [Doc. 86] Therein, the EEOC requested leave to add SGI, LLC (hereafter, SGI) as a Defendant "based on the recent sale of the Taos Hotel at issue in this lawsuit from Jai Hanuman, LLC to SGI." [Doc. 86, p. 1] In its proposed *Third Amended Complaint*, the EEOC alleges that "Jai Hanuman and SGI have been added to this lawsuit pursuant to Fed. R. Civ. P. 19(a)(1)(A) in order to secure appropriate relief, including re-instatement (*sic*), injunctive relief and other appropriate relief from the Taos Hotel." [Doc. 86-2, p. 2] As relevant, the EEOC further alleges as follows:

> 27. After Plaintiff EEOC filed suit against the Whitten in Hotels on September 30, 2014, and after Plaintiff EEOC sought to amend Jai

3

Hanuman as a defendant to this lawsuit in August 2016, the Taos Hotel was sold in 2016 to SGI.

28. Upon information and belief, SGI's predecessors, Jai Hanuman and Whitten Inn, are unable to provide certain relief in this lawsuit, including re-instatement (*sic*), injunctive relief and other relief, that would involve the hotel in Taos, New Mexico now under new ownership by SGI.

. . .

31. Upon information and belief, SGI has substantially continued the business operations of the Taos Hotel in Taos, New Mexico.
32. Upon information and belief, SGI has used and continues to use the hotel building at the same physical location as Defendant Whitten Inn at 615 Paseo del Pueblo Sur, Taos, New Mexico 87571.
33. Upon information and belief, SGI has jobs with substantially the same working conditions as those jobs that Defendants had at all relevant times at 615 Paseo del Pueblo Sur, Taos, New Mexico, 87571.
34. Upon information and belief, SGI has utilized at least some of the same machinery and equipment as Defendants utilized to operate the hotel at 615 Paseo del Pueblo Sur, Taos, New Mexico, 87571.
35. Upon information and belief, SGI is involved in the business of operating a hotel at 615 Paseo del Pueblo Sur, Taos, New Mexico, 87571 referred to as the Whitten Inn – Taos and/or El Camino Lodge. Defendant Whitten Inn and Defendant Jai Hanuman were also involved in the same business of operating a hotel at 615 Paseo del Pueblo Sur, Taos, New Mexico, 87571 referred to as the Whitten Inn – Taos and/or El Camino Lodge.
36. SGI is successor to Defendant Jai Hanuman and Defendant Whitten Inn as the new owner of the hotel at 615 Paseo del Pueblo Sur, Taos, New Mexico, 87571 and is a party to this lawsuit under Fed. R. Civ. P. 19(a)(1)(A) in whose absence, the court cannot accord complete relief among existing parties.

[Doc. 86-2]

The EEOC requests specific relief from SGI, including, *inter alia*: a permanent injunction from particular allegedly discriminatory policies; an order requiring SGI to "carry out policies, practices, and programs which provide equal employment opportunities . . . and which eradicate the effects of its . . . unlawful employment

practices"; various monetary relief to make the charging parties whole, including back pay and front pay; "re-instatement (*sic*) at the Whitten Inn Taos hotel for aggrieved individuals who are entitled to rightful place re-instatement (*sic*)"; and punitive damages. [Doc. 86-2, pp. 17-19]

**ANALYSIS**

**Standard Governing a Motion to Dismiss pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for "failure to state a claim upon which relief can be granted." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Supreme Court adopted the following test governing Rule 12(b)(6) motions to dismiss: "to withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570). In applying this test, a court accepts as true all "plausible, non-conclusory, and non-speculative" facts alleged in the plaintiff's complaint, *Shrader v. Al Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (internal quotation marks and citation omitted); provided that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In short, in ruling on a Rule 12(b)(6) motion, "a court should disregard all conclusory statements of law and consider whether

the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Collins*, 656 F.3d at 1214.

**Standard Governing a Motion to Amend Complaint**

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading by leave of the court after a responsive pleading is served, and provides that leave shall be "freely give[n]" "when justice so requires."

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing cases). A motion to amend a complaint or counterclaim is futile if, notwithstanding the amendment, the complaint "would be subject to dismissal" for failure to state a claim. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Accordingly, in examining futility, the Court must evaluate whether the complaint states a claim upon which relief may be granted. *See id.*

Rule 15(a) applies to a motion to add a party. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his [or her] claim on the merits." *Foman*, 371 U.S. at 182.

**Jai's Motion to Dismiss**

Jai moves to dismiss the EEOC's complaint against it, arguing that the EEOC failed "to even plead elements of a cause of action against Jai" other than, "[a]t best, . . . infer[ring] some sort of successor liability against Jai." [Doc. 96, p. 4] Jai further argues that it is not a necessary party to this suit because EEOC alleges that Whitten Inn committed the discriminatory acts, not Jai. [Doc. 96, p. 7] Finally, Jai asserts that, because it sold the hotel, "it is impossible for Jai to implement the requested policies and procedures." [Doc. 96, p. 7]

The EEOC submits that this Court should not consider the sale of the hotel from Jai to SGI, because this is a fact outside the operative pleading – the *Second Amended Complaint*. [Doc. 107, pp. 1, 7] Next, the EEOC asserts that its "claims against Defendant Jai are based on successor liability for the wrongdoings of its predecessor, rather than direct liability for Defendant Jai's own conduct." [Doc. 107, p. 5] The EEOC argues that it seeks injunctive relief and monetary damages against all Defendants, including Jai. [Doc. 107, p. 4] The EEOC argues that Jai fails to address whether it may be held liable for monetary damages. [Doc. 107, p. 8] The EEOC further argues that the test for successor liability "must be determined upon the *facts* and circumstances of each case," and that therefore it would be error for this Court to dismiss its claims prior to discovery. [Doc. 107, p. 8] Finally, the EEOC argues that Rule 19 does not help Jai because it "does not provide a basis for dismissing an otherwise required party." [Doc. 107, p. 10]

The successor liability doctrine resolves most of the issues raised by Jai.

> In the context of corporate liability, "[t]he general rule is that where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor." *W. Tex. Refining & Dev. Co. v. Comm'r of Internal Revenue*, 68 F.2d 77, 81 (10th Cir.1933). There are four exceptions to this rule: "(1) [w]here the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporations; (3) where the purchasing corporation is merely a continuation of the selling corporations [sic]; and (4) where the transaction is entered into fraudulently in order to escape liability for such debts." *Id*. (emphasis added). If one of these four exceptions applies, "the purchasing corporation becomes liable for the debts and liabilities of the selling corporations [sic]." *Id.*

*Taylor-Norman v. Joco Assembly*, 2010 WL 3521610, at *2 (N.D. Okla. Sept. 7, 2010). However, in both labor law and employment discrimination cases, an additional analysis is employed. *Trujillo v. Longhorn Mfg. Co.*, 694 F.2d 221, 224-25 (10th Cir. 1982) (adopting a successor employer test articulated by the Sixth Circuit in *EEOC. v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1094 (6th Cir. 1974), which "surveyed the development of the successor employer doctrine in the labor law context and decided that the same policy considerations mandated the application of the doctrine to remedy practices violating Title VII"); *Scott v. Sopris Imports Ltd.*, 962 F. Supp. 1356, 1358 (D. Colo. 1997) ("The Tenth Circuit, however, has broadened the concept of a 'continuation' buyer in the context of Title VII claims."). In *Trujillo*, our Tenth Circuit recognized that, with regard to Title VII, Congress intended "that the courts use wide discretion in exercising equitable powers with the goal of fashioning the most complete relief possible." *Trujillo*, 694 F.2d at 225. Accordingly, the Court endorsed the test articulated in *MacMillan*, 503 F.2d at 1094, to determine whether a successor employer is liable for the discriminatory acts of its predecessor. *Trujillo*, 694 F.2d at 225. In

considering whether to hold a successor employer liable, the court must "balance[e] . . . the purposes of Title VII with the legitimate and often conflicting interests of the employer and the discriminatee." *MacMillan*, 503 F.2d at 1090-91. Therefore, each case "must be determined on its own facts." *Id.* at 1090. Several factors may be relevant in deciding whether to apply successor liability, including:

> 1) whether the successor company had notice of the charge, 2) the ability of the predecessor to provide relief, 3) whether there has been a substantial continuity of business operations, 4) whether the new employer uses the same plant, 5) whether he uses the same or substantially the same work force, 6) whether he uses the same or substantially the same supervisory personnel, 7) whether the same jobs exist under substantially the same working conditions, 8) whether he uses the same machinery, equipment and methods of production and 9) whether he produces the same product.

*Id.* at 1094. After *Trujillo*, courts in this Circuit have noted that these nine factors have been "refined" into three factors: "'(1) whether the successor employer had prior notice of the claim against the predecessor; (2) whether the predecessor is able, or was able prior to the purchase, to provide the relief requested; and (3) whether there has been a sufficient continuity in the business operations of the predecessor and successor.'"[2] *Gamez v. Country Cottage Care & Rehab.*, 377 F. Supp. 2d 1103, 1116 (D.N.M. 2005) (quoting *Wheeler v. Snyder Buick, Inc.*, 794 F.2d 1228, 1236 (7th Cir. 1986)); *see also Jackson v. Lockie Corp.*, 108 F. Supp. 2d 1164, 1167 (D. Colo. 2000). "Of the three criteria to be considered, the first two-(1) notice of the claim to the successor prior to the

---

[2] Factors three through nine as set forth by *MacMillan* are all related to determining whether there has been a sufficient continuity of business operations between the predecessor and successor, and thus are all incorporated into the third factor of the "refined" three-factor test. *See Gamez*, 377 F. Supp. 2d at 1117.

purchase of assets and (2) the ability of the predecessor to provide the relief requested by the plaintiff-are the most important." *Jackson*, 108 F. Supp. 2d at 1167. Nonetheless:

> "The real question in each of these 'successorship' cases is, on the particular facts, what are the legal obligations of the new employer to the employees of the former owner or their representative. The answer to this inquiry requires analysis of the interests of the new employer and the employees and of the policies of the labor laws in light of the facts of each case and the particular legal obligation which is at issue. . . . There is, and can be, no single definition of 'successor' which is applicable in every legal context. A new employer, in other words, may be a successor for some purposes and not for others."

*MacMillan*, 503 F.2d at 1091 (quoting *Howard Johnson Co. v. Detroit Local Joint Executive Board*, 417 U.S. 249, 262 n.9 (1974)).

Here, the EEOC pleaded plausible factual allegations of successor employer liability against Jai, and thus stated a claim of successor employer liability. The EEOC alleged: Jai had notice of the present case [Doc. 87, ¶ 15]; Jai can grant relief including back pay [Doc. 87, p. 16 ¶ C]; and various facts to demonstrate the continuity of the operation between Whitten Inn and Jai, including, *inter alia*, continuing to operate a hotel, using the same location, personnel, machinery, and equipment. [Doc. 87, ¶¶ 20-25]

Rather than making an argument under *Twombly/Iqbal*, Jai primarily argues that it cannot be liable because it sold the property and hotel. The Court will consider the allegation that Jai has sold the hotel even though the EEOC argues that the Court cannot consider as much because it was not a fact alleged in the EEOC's *Second Amended Complaint*. [Doc. 107, p. 7] Generally, the court cannot consider facts not alleged in the complaint on Rule 12(b)(6) motions to dismiss. *See, e.g., Hall v. Bellmon*, 935 F.2d

1106, 1109 (10th Cir. 1991) (stating that where the Court considers facts outside the pleadings the Court must treat the Rule 12(b)(6) motion as a motion for summary judgment). However, prior to Jai filing its *Motion to Dismiss*, the EEOC filed another *Motion to Amend Complaint* and its *Proposed Third Amended Complaint* in which the EEOC itself alleged that Jai sold the hotel. [Doc. 86-2, p. 2] The Court, *infra*, grants the EEOC's *Motion to Amend Complaint*. Accordingly, it would not be an efficient use of the Court's or parties' resources for the Court to ignore the EEOC's allegation because Jai could simply refile this motion based on the EEOC's allegation in the *Third Amended Complaint*. Further, the EEOC had the opportunity to, and did, argue the merits of this issue. [Doc. 107, pp. 7-9] Thus, the Court concludes that it is appropriate for the Court to consider this fact in light of the EEOC's *Motion to Amend*. [Doc. 86] In sum, the Court is considering the allegation made in the *Proposed Third Amended Complaint*, not a fact outside the pleadings, and thus the Court may consider the allegation without converting the motion to dismiss into a motion for summary judgment.

Jai argues that it "cannot provide the relief requested, i.e. reinstatement" because it sold the hotel. [Doc. 96, p. 6] Jai also argues that it has not continued to operate the business because it sold the business, thus none of factors three through nine, as set forth in *MacMillan*, apply. [Doc. 96, p. 6; Doc. 110, p. 4] Jai argues that whether it had notice of the claims is immaterial upon consideration of the remaining factors. [Doc. 110, p. 3] Finally, Jai argues that the passage of several years between the allegedly discriminatory conduct and the date it filed its motion weigh against a finding of continuity.

11

Jai's arguments are not persuasive. Even though Jai cannot reinstate the charging parties, other relief against Jai can be granted, including (at least) lost wages and benefits during the period Jai owned the hotel. As for *MacMillan's* continuity factors (i.e., the third through ninth factors), those factors must be considered during the period in which Jai owned the hotel rather than after Jai sold the hotel. Jai does not argue that the EEOC failed to state a claim with regard to facts demonstrating the continuity of the business during the time it owned the hotel. Further, to the extent that the facts that Jai no longer owns the property and several years have passed since the alleged discriminatory conduct bear on the continuity of the operation, those facts must be weighed along with all relevant facts in order for the Court to conduct a careful balancing of the equities. *MacMillan*, 503 F.2d at 1090-92. As this is not a motion for summary judgment, the Court is not able to weigh these factors.[3] In other words, procedurally, it is premature for Jai to rely on *MacMillan's* fact-dependent test for dismissal. As such, Jai has not demonstrated that this case should be dismissed.

Jai next argues that it should be dismissed because it is not a necessary party under Rule 19. However, whether an *existing* party is necessary is not the issue addressed by Rule 19. Instead, under Rule 19, Jai would be entitled to dismissal if it identified an absent person in whose "absence, the court cannot accord complete relief among existing parties," Rule 19(a)(1)(A), or whose absence impairs or impedes Jai's ability to protect

---

[3] Not only would it be legally erroneous for the Court to weigh the facts on a motion to dismiss, at this time several facts relevant to the *MacMillan* test (facts which may only be determined through discovery) are not addressed in the pleadings or briefs. Such facts include whether Jai had notice of the claim and whether Jai contractually assumed Whitten Inn's liabilities.

12

its interest, Rule 19(a)(1)(B)(i), or whose absence leaves a current defendant at a substantial risk of incurring multiple or inconsistent obligations, Rule 19(a)(1)(B)(ii). Jai has not identified such an absent person, and thus, Rule 19 does not require dismissal of Jai as a Defendant.

In sum, Jai has not advanced any persuasive grounds for its dismissal, and therefore its *Motion to Dismiss* will be denied.

**EEOC's Motion to Amend Complaint**

The EEOC moves to amend its complaint to add SGI as a Defendant because Jai sold the hotel to SGI in 2016.[4] [Doc. 86, p. 4; Doc. 86-2, ¶ 27] Defendants Whitten Inn and Jai oppose the EEOC's request. [Doc. 94] Defendants argue that the proposed *Third Amended Complaint* is futile because the EEOC has not exhausted the administrative process as to SGI. [Doc. 94, p. 4] Defendants further assert that the EEOC's theory of successor liability fails under the fact-dependent test set forth in *Trujillo*. [Doc. 94, p. 5] Defendants next argue that addition of SGI as a defendant would be unduly prejudicial to SGI because the EEOC "seeks to hold SGI accountable for alleged actions which occurred over seven years before it purchased the hotel" and because Jai was an intermediate owner. [Doc. 94, p. 6] Defendants argue that adding SGI would be a waste of judicial resources because "it would require another party to participate in discovery, motion practice, trial preparation and trial in which an already present party can provide the requested relief." [Doc. 94, p. 8] Finally, Defendants argue that SGI is not a

---

[4] EEOC filed its *Second Motion to Amend Complaint* within the deadline set by the Court. [Doc. 77]

necessary party because complete relief can be afforded through the named parties, and that "there has been no reasonable interpretation of public policy underlying Title VII that would require a bona fide purchaser, SGI, to hire individuals over seven years after alleged discriminatory practices by [Whitten Inn]."[5] [Doc. 94, p. 8]

The EEOC replies by arguing, in part, that the present Defendants do not have standing to assert the claim of futility on behalf of SGI, a proposed additional defendant. However, the parties have not cited, nor has the Court found, controlling Tenth Circuit or Supreme Court case law addressing the issue. The EEOC cites: *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, 2014 WL 988829, *2 (D.N.J. Feb. 27, 2014) ("[C]urrent parties unaffected by the proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants." (Internal quotation marks, citation and brackets omitted)); *Clark v. Hamilton Mortg. Co.*, 2008 WL 919612 *2 (W.D. Mich. Nov. 12, 2008) ("[T]he objecting defendants have not cited any authority that would . . . authorize present parties who are unaffected by the proposed amendment to assert claims of futility on behalf of the proposed new defendant."); and *Synthes Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. 2012) (questioning "the soundness of Current Defendants' standing to pursue" an argument that the court lacked personal jurisdiction over absent defendants). [Doc. 106, p. 2] Further, generally, a "prudential limit[] on standing is that a litigant must normally assert his own legal interests rather than those of third parties." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985). On the other hand, there is

---

[5] Whether SGI is a bona fide purchaser is a question of fact not properly before the Court at this time.

contrary authority. *Foster v. Cerro Gordo Cnty.*, 33 F. Supp. 3d 1052, 1056-57 (2014 N.D. Iowa) (collecting contradictory authority and deciding to address current defendants' futility arguments given case law on the issue at hand, the statute of limitations, and because "the prospective defendants in this case have a close legal relationship with the current defendants"); *Speedsportz, LLC v. Menzel Motor Sports, Inc.*, 2008 WL 4632726 *1 (N.D. Okla. Oct. 17, 2008) ("[O]bjections to motions to add parties, which are necessarily filed only by existing parties, are routinely addressed by courts without discussion of standing or ripeness doctrines.").

Here, the Court concludes that the current Defendants are arguably affected by the proposed amendment. The current Defendants may incur additional expenses (i.e., attending additional depositions and reviewing additional discovery) by the addition of SGI. Moreover, the current Defendants may have a contractual obligation to defend SGI, or they have a close legal relationship to SGI. Thus, in this case, the Court assumes that the current Defendants may argue the futility of adding SGI as a Defendant and will address the merits of their argument.

Defendants argue that the EEOC cannot hold SGI liable under the successor liability doctrine. Defendants argue that "there are no good faith allegations that could possibly be made that SGI had notice of the Charge when the Charge was made." [Doc. 94, p. 5] Defendants focus on the wrong period of time. The inquiry is whether the successor company had notice of the charge at the time it purchased or acquired the predecessor company. *See Trujillo*, 694 F.2d at 225 (relying on the fact that the successor company had notice of the EEOC complaint at the time it purchased the

15

predecessor, because the successor "could have provided for its nonliability or indemnification in the sale agreement").

Defendants also argue that "no good faith allegations can possibly be made that the same work force, personnel, working conditions and methods now exist as they were seven years ago." [Doc. 94, p. 5] The Court is not persuaded that the EEOC's allegations were not made in good faith. It is not inconceivable that some of the same work force and personnel employed by Whitten Inn may have been employed by SGI when SGI began operating the hotel. *See Gamez*, 377 F. Supp. 2d at 1124 (relying on testimony that, even though several companies operated a nursing home over time, the workforce remained the same under each operator). Further, SGI is allegedly using the same "plant," i.e. physical location, as both Whitten Inn and Jai. It is not "beyond reason," as Defendants argue, that the same jobs, working conditions, machinery, equipment, or methods of production (or service) continue to exist. Nor is the EEOC's allegation that the hotel still operates as a hotel "beyond reason." Thus, the EEOC has alleged that there is a continuity of business operations and those allegations were not made beyond the bounds of good faith. [Doc. 94, p. 5]

Finally, Defendants rely on the time span of seven years between the operation of Whitten Inn and the purchase of the hotel by SGI, as well as the intermediate ownership by Jai. [Doc. 94, p. 5] These factors will be relevant in balancing the equities, as required by *MacMillan* and *Trujillo*. However, the Court cannot balance those equities without factual development. Accordingly, the Court is not persuaded that amendment of the *Second Amended Complaint* to add SGI as a Defendant would be futile.

Defendants also argue that the proposed *Third Amended Complaint* is futile against SGI because the EEOC did not exhaust its administrative remedies as to SGI. [Doc. 94, p. 4] However, *MacMillan* itself resolved this question. *MacMillan* stated:

> [A]t least in the case of successor companies, . . . Congress only intended that a discriminatee be required to name those who were known to him and could have been charged within the period of limitations.
>
> This interpretation is logical and wholly consistent with the purposes of Title VII. The statutory mandate of informal settlement and conciliation is not served by requiring an aggrieved person to charge each new successor company. Such a requirement might encourage evasion through corporate transfers. Even in the case of bona fide transfers of ownership, the delays which would be involved in refiling charges might be substantial and result in prejudice to the discriminatee. Furthermore, serious questions would be presented as to whether a charge filed against a successor would be barred by the statute of limitations.

*MacMillan*, 503 F.2d at 1093. At least one other court in this Circuit has applied this analysis, and this Court will as well. *Taylor-Norman*, 2010 WL 3521610 at *2 (stating that resolving the successor liability issue is necessary to resolve the exhaustion issue). If the EEOC can prove that SGI is liable as a successor company, the EEOC has no obligation to exhaust the administrative process against SGI. Because the EEOC has stated a claim against SGI for successor liability, the Court cannot conclude amendment would be futile for failure to exhaust the administrative process.

Careful balancing of the equities as required by *Trujillo* will also address current Defendants' remaining arguments against adding SGI as a party. For example, Defendants argue that it would be "unduly prejudicial to SGI . . . to hold SGI accountable for alleged actions which occurred over seven years before it purchased the hotel in Taos, New Mexico." [Doc. 94, p. 6] This may be true, unless, for example, SGI was aware of

the claim and its existence was considered in the negotiations for its purchase of the hotel, or, alternatively, if the inequity of the absence of reinstatement relief for the charging parties outweighs potential interests of SGI. *See MacMillan*, 503 F.2d 1091, 1094 (stating the court must consider whether the purchasing company had notice of the claim and weigh the interests of the employer against furthering the important interests behind Title VII through relief such as reinstatement). Thus, by considering the *MacMillan* factors, the Court will necessarily weigh the prejudice to SGI. And, contrary to Defendants' argument that adding SGI will be a waste of the Court's resources, because controlling law indicates that the Court should allow the EEOC to add SGI, *Trujillo*, doing so is carrying out the duty of the Court.

Finally, the current Defendants argue that SGI is not a necessary party. Again, this argument misses the point of Rule 19. Furthermore, the proper standard, set out in *MacMillan*, instructs that the Court must analyze "the interests of the new employer and the employees and of the policies of the labor laws in light of the facts of each case and the particular legal obligation which is at issue." *MacMillan*, 503 F.2d at 1091. After conducting this analysis, the Court may conclude that full relief may only be available if SGI is made a party and held liable. The Court will only be able to conduct the appropriate analysis if SGI is added as a party, and thus Defendants' Rule 19 argument is not persuasive.

Thus, for the above reasons, the Court will grant the EEOC's *Second Motion to Amend Complaint to Add SGI, LLC as a Defendant*.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the Court hereby **GRANTS** *Plaintiff EEOC's Second Motion to Amend Complaint to Add SGI, LLC as a Defendant* [Doc. 86] and **DENIES** *Defendant Jai Hanuman, LLC's 12(b)(6) Motion to Dismiss* [Doc. 96].

**SO ORDERED** this 21st day of September, 2017 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge