IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

v.                                           CV 14-884 MV/LF

ROARK-WHITTEN HOSPITALITY 2, LP d/b/a
WHITTEN INN, JAI HANUMAN, LLC d/b/a
WHITTEN TAOS AND/OR EL CAMINO
LODGE, AND SGI, LLC d/b/a EL CAMINO
LODGE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Motion to Dismiss for Failure to State a Claim filed by SGI, LLC d/b/a El Camino Lodge ("SGI"). [Doc. 186]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted. However, the Court will grant Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), leave to amend its Complaint to rectify the sole deficiency in the Complaint: the failure to allege that SGI had notice of the pendency of the EEOC charges in this case prior to its acquisition of the El Camino Lodge.

### BACKGROUND

The EEOC filed this action on September 30, 2014, seeking relief for eight named charging parties. [Doc. 1]. The Complaint alleged that Defendant, Roark-Whitten Hospitality 2, LP d/b/a Whitten Inn ("Whitten"), "created a hostile work environment, employed discriminatory policies and practices, and retaliated against the charging parties at a hotel

operated by Roark-Whitten Hospitality 2, LP ("Whitten Inn") in Taos, New Mexico." *Id.* at ¶¶ 77-97.  On December 22, 2014, before Whitten answered, the EEOC filed an Amended Complaint adding as a Defendant "XYZ Company(s)/Corporation(s)." [Doc. 4].  In the Amended Complaint, the EEOC alleged that, "[u]pon information and belief, after the Commission issued reasonable cause determinations and attempted conciliation with the Whitten Inn Defendants, the Whitten Inn in Taos, New Mexico was sold in 2014 to David Patel and/or an unknown owner and/or XYZ Company(s)/Corporation(s)." *Id.* at ¶ 19.  Subsequently, the EEOC moved to amend its Complaint again to substitute Jai Hanuman, LLC ( "Jai"), as the company previously identified as the unknown "XYZ Company(s)/Corporation(s)." [Doc. 52].  The Court granted the Motion to Amend [Doc. 85], and EEOC filed its Second Amended Complaint.  [Doc. 87].

In its Second Amended Complaint, the EEOC alleged that Whitten, having sold the hotel, is unable to provide all relief to the charging parties, including reinstatement, injunctive relief and "other relief" at the hotel.  *Id.* at ¶ 17.  It sought specific relief from Jai, including, *inter alia*, a permanent injunction enjoining Jai and "any other successor employer" from engaging in discriminatory employment practices; an order requiring Jai to carry out and institute "policies, practices, and programs which provide equal employment opportunities" and "which eradicate the effects of its past and present unlawful employment practices"; back pay; front pay; reinstatement; "compensation for past and future pecuniary losses" including relocation and job search expenses; emotional distress damages; and punitive damages. *Id.* pp. 16-18.

On December 16, 2016, after Jai sold the Taos Hotel to SGI, the EEOC filed its Second Motion to Amend Complaint to Add SGI, LLC as a Defendant.  [Doc. 86].  On January 19, 2017, Jai filed a Rule 12(b)(6) Motion to Dismiss the Second Amended Complaint.  [Doc. 96].  On

September 21, 2017, the Court entered a Memorandum Opinion and Order denying Jai's Motion to Dismiss the Second Amended Complaint and granting the EEOC's Second Motion to Amend Complaint ("September 2017 Order"). [Doc. 178].

The EEOC filed its Third Amended Complaint on September 28, 2017. [Doc. 179]. The EEOC's Third Amended Complaint alleges, in pertinent part:

> 27. After Plaintiff EEOC filed suit against the Whitten [Inn] Hotels on September 30, 2014, and after Plaintiff EEOC sought to [add] Jai Hanuman as a defendant to this lawsuit in August 2016, the Taos Hotel was sold in 2016 to SGI.
>
> 28. Upon information and belief, SGI's predecessors, Jai Hanuman and Whitten Inn, are unable to provide certain relief in this lawsuit, including re-instatement, injunctive relief and other relief, that would involve the hotel in Taos, New Mexico now under new ownership by SGI.
>
> 29. Upon information and belief, since at least 2016, SGI has employed more than 15 employees.
>
> 30. Upon information and belief, since at least 2016, SGI has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of title VII, 42 U.S.C. §§ 20003(b), (g) and (h).
>
> 31. Upon information and belief, SGI has substantially continued the business operations of the Taos Hotel in Taos, New Mexico.
>
> 32. Upon information and belief, SGI has used and continues to use the hotel building at the same physical location as Defendant Witten Inn at 615 Paseo del Pueblo Sur, Taos, New Mexico, 87571.
>
> 33. Upon information and belief, SGI has jobs with substantially the same working conditions as those jobs that Defendants had at all relevant times at 615 Paseo del Pueblo Sur, Taos, New Mexico, 87571.
>
> 34. Upon information and belief, SGI has utilized at least some of the same machinery and equipment as Defendants utilized to operate the hotel at 615 Paseo del Pueblo Sur, Taos, New Mexico, 87571.
>
> 35. Upon information and belief, SGI is involved in the business of operating a hotel at 615 Whitten Inn—Taos and/or El Camino Lodge. Defendant Whitten Inn and Defendant Jai Hanuman were also involved in the same business of operating a hotel at 615 Paseo del Pueblo Sur, Taos, new Mexico, 87571 referred to as the Whitten Inn—Taos and/or El Camino Lodge.

36. SGI is successor to Defendant Jai Hanuman and Defendant Whitten Inn as the new owner of the hotel at 615 Paseo del Pueblo Sur, Taos, New Mexico, 87571 and is a party to this lawsuit under Fed. R. Civ. P. 19(a)(1)(A) in whose absence, the court cannot accord complete relief among existing parties.

[Doc. 179 at 5-7].

On the instant motion, SGI seeks dismissal of the Third Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 186]. The EEOC opposes the motion.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering a Rule 12(b)(6) motion, the Court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted), *cert. denied*, 558 U.S. 1148 (2010).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570; *Mink v. Knox* 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted). The Tenth Circuit has explained,

> "[p]lausibility" in this context must refer to the scope of the allegations in a complaint: If they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not speculatively) has a claim for relief.

*Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

On the instant motion to dismiss, SGI argues that the EEOC has not pled the essential elements of a claim for successor liability, including that SGI had notice of the lawsuit at the time of the closing of its purchase of the hotel at issue. In its September 2017 Order, the Court discussed the law pertaining to the successor employer doctrine. [Doc. 178]. As the Court stated:

> In the context of corporate liability, "[t]he general rule is that where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor." *W. Tex. Refining & Dev. Co. v. Comm'r of Internal Revenue*, 68 F.2d 77, 81 (10th Cir. 1933). There are four exceptions to this rule: "(1) [w]here the purchaser expressly or impliedly agrees to

5

assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporations; (3) where the purchasing corporation is merely a continuation of the selling corporations [sic]; and (4) where the transaction is entered into fraudulently in order to escape liability for such debts." *Id.* (emphasis added). If one of these four exceptions applies, "the purchasing corporation becomes liable for the debts and liabilities of the selling corporations [sic]."

*Id.* at 8 (citing *Taylor v. Joco Assembly*, 2010 WL 3521610, at *2 (N.D. Okla. Sept. 7, 2010)).

As the Court explained, courts have "broadened the concept of a 'continuation' buyer in the context of Title VII claims" because "Congress intended 'that the courts use wide discretion in exercising equitable powers with the goal of fashioning the most complete relief possible.'" *Id.* (citing *Scott v. Sopris Imports Ltd.*, 963 F. Supp. 1356, 1358 (D. Colo. 1997) and *Trujillo v. Longhorn Mfg. Co.*, 694 F.2d 221, 225 (10th Cir. 1982)). To that end, the Tenth Circuit has articulated nine factors that must be considered in determining a successor employer's liability under Title VII:

> 1) whether the successor company had notice of the charge, 2) the ability of the predecessor to provide relief, 3) whether there has been a substantial continuity of business operations, 4) whether the new employer uses the same plant, 5) whether he uses the same or substantially the same work force, 6) whether he uses the same or substantially the same supervisory personnel, 7) whether the same jobs exist under substantially the same working conditions, 8) whether he uses the same machinery, equipment and methods of production and 9) whether he produces the same product.

*Id.* at 9 (citing *Trujillo*, 694 F.2d at 224 and n. 3). Thus, as the Court explained,

> after *Trujillo*, courts in this Circuit have noted that these nine factors have been "refined" into three factors: "(1) whether the successor employer had prior notice of the claim against the predecessor; (2) whether the predecessor is able, or was able prior to the purchase, to provide the relief requested; and (3) whether there has been a sufficient continuity in the business operations of the predecessor and successor.'" *Gamez v. Country Cottage Care & Rehab.*, 377 F. Supp.23d 1103, 1116 (D.N.M. 20005) (quoting *Wheeler v. Snyder Buick, Inc.*, 794 F.2d 1228, 1236 (7th Cir. 1986)). "Of the three criteria to be considered, the first two—(1) notice of the claim to the successor prior to the purchase of assets and (2) the ability of the predecessor to provide the relief requested by the plaintiff—are the most important." *Jackson v. Lockie Corp.*, 108 F. Supp.23d 1164, 1167 (D. Colo. 2000).

*Id.* at 9-10.

The Court acknowledged that resolution of the EEOC's claims against Jai would require consideration of the factors identified in *MacMillan* and *Trujillo* and a "balanc[ing of] the equities" between the parties. The Court denied Jai's motion to dismiss, and allowed the EEOC leave to file its Third Amended Complaint, because the Court could not "*balance those equities without factual development*." *Id.* at 16 (emphasis added).

In opposition to SGI's motion, the EEOC argues that the Court's September 2017 Order forecloses SGI's current request for dismissal of its claims. Specifically, the EEOC argues that when the Court granted the EEOC's motion to amend the complaint to add SGI, it considered and rejected the same failure to state a claim argument raised here by SGI and determined that allowing a third amendment of the EEOC's complaint was not futile. Accordingly, the EEOC argues, granting SGI's motion would constitute reconsideration of its decision in the September 2017 Order, and such reconsideration would run afoul of the "law of the case" doctrine.

The Court does not agree that the law of the case doctrine applies here. Under that doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011). The Tenth Circuit, however, "has declined to apply these limitations to rulings revised prior to entry of a final judgment, concluding that district courts generally remain free to reconsider their earlier interlocutory orders." *Id.* Further, the law of the case doctrine cannot be used to bind a party who is brought into a lawsuit after the court's original decision was entered. *See Stewart v. Beck*, 701 F.3d 1322, 13 28 n. 6 (10th Cir. 2012) (stating that a defendant brought into the lawsuit after the court's ruling on the original defendant's qualified immunity claim was not bound by the ruling).

7

Here, as SGI notes, the issue of whether the Third Amended Complaint adequately alleges that, before acquiring the hotel, SGI had notice of the EEOC complaint against Whitten was not raised by any of the parties in the context of the motion to dismiss the Second Amended Complaint or the motion to file the Third Amended Complaint. Accordingly, this Court's September 2017 Order did not address whether the Third Amended Complaint failed to adequately allege notice to SGI. Thus, the issues presented at this stage of the litigation are not the same as those presented when the Court entered the September 2017 Order. Further, there has been no entry of final judgment yet in this case; thus, at this juncture, the Court remains free to reconsider its earlier interlocutory orders. Finally, SGI was not a party to this action when the Court's September 2017 Order was entered. For all of these reasons, the Court rejects the EEOC's argument that the law of the case doctrine precludes SGI from challenging the sufficiency of the factual allegations of the Third Amended Complaint.

As SGI argues, the Third Amended Complaint fails to allege a critical element of a successor liability claim—that SGI had notice of the EEOC claim at the time that it acquired its interest in the Whitten Hotel. For this reason alone, the Third Amended Complaint is defective and thus must be dismissed. *Trujillo*, 694 F.2d at 224. The EEOC, however, represents that it has received through discovery additional documents and evidence that will enable it to correct this defect. [Doc. 191 at 9, n. 4]. The EEOC requests that the Court allow it to amend its complaint and/or to present evidence that would convert the pending motion to a motion for summary judgment. *Id.*

Because the Court agrees that the Third Amended Complaint contains allegations sufficient to meet many of the remaining *MacMillan* factors, the Court will afford the EEOC the opportunity to amend the Third Amended Complaint. In particular, the Third Amended

Complaint plausibly alleges that: SGI's predecessors are unable to provide certain relief in this lawsuit, including re-instatement, injunctive relief and other relief; since at least 2016, SGI has employed more than 15 employees; SGI has substantially continued the business operations of the hotel at the same physical location; and SGI has jobs with substantially the same working conditions as those jobs, and uses some of the same machinery and equipment as did its predecessors.

Just as this Court determined in its September 2017 Order, the Court again determines that "[i]t is not inconceivable that some of the same work force and personnel employed by Witten Inn may have been employed by SGI when SGI began operating the hotel." Doc. 178 at 16 (citing *Gamez v. Country Cottage Care & Rehab.*, 377 F. Supp.2d 1103, 1124 (D.N.M. 2005)). Indeed, as the Court noted, SGI "is allegedly using the same 'plant,' i.e. physical location, as both Whitten Inn and Jai," and it is "not beyond reason that the same jobs, working conditions, machinery, equipment, or methods of production (or service) continue to exist." *Id.* The Court continues to acknowledge that the time-span of seven years between the operation of the hotel by Whitten and the purchase of the hotel by SGI, as well as the intermediate ownership by Jai, would be relevant in balancing the equities, as required by *MacMillan* and *Trujillo*. Nonetheless, the Court continues to believe that it "cannot balance those equities without factual development." *Id.* In short, assuming that, after amendment, the EEOC can sufficiently allege notice, the viability of the EEOC's successor liability claim cannot be evaluated until the factual record has been developed.

## CONCLUSION

The Third Amended Complaint fails to allege that SGI had prior notice of this case, which is a key element of a claim for successor liability. Accordingly, SGI's Motion to Dismiss

9

will be granted. However, the Third Amended Complaint adequately alleges the remaining elements of such a claim. Based on the EEOC's representation that it has sufficient evidence to support allegations that SGI had notice of this case at the time that it acquired the subject hotel, the Court will give the EEOC the opportunity to file an amended complaint to add allegations sufficient to cure its deficiency.

**IT IS THEREFORE ORDERED** that SGI's Motion to Dismiss [Doc. 186] is granted.

**IT IS THEREFORE FURTHER ORDERED** that EEOC may file an amended complaint on or before August 13, 2018.

DATED this 30th day of July, 2018.

_____
MARTHA VAZQUEZ
United States District Judge