# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

ROARK WHITTEN HOSPITALITY 2,
LP d/b/a WHITTEN INN, JAI
HANUMAN, LLC, d/b/a WHITTEN INN
TAOS AND/OR EL CAMINO LODGE,
AND SGI, LLC d/b/a EL CAMINO
LODGE,

    Defendants.

No. 1:14-cv-00884-PJK-LF

**MEMORANDUM OPINION AND ORDER
DISMISSING FOURTH AMENDED COMPLAINT**

THIS MATTER is before the court on Defendant SGI, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim filed September 10, 2018. ECF No. 203. Upon consideration thereof, the motion to dismiss is well taken and should be granted on the basis of a failure to state a claim, not lack of subject matter jurisdiction.[1]

---

[1] This case was transferred to the undersigned in June 2019.

**Background**

The Equal Employment Opportunity Commission (EEOC) filed this public enforcement action on September 30, 2014 seeking relief for eight named parties. Compl. (ECF No. 1). The Complaint alleged that Defendant Roark-Whitten Hospitality 2 (RW2) engaged in unlawful employment practices by creating a hostile work environment, engaging in discriminatory practices, and retaliating against employees at a hotel owned by RW2 in Taos, New Mexico (Taos Hotel). Id. at ¶¶ 77-97. After learning that RW2 sold the Taos Hotel, the EEOC filed an amended complaint on December 22, 2014, adding as a defendant "the unknown owner and/or XYZ Company(s)/Corporations." Am. Compl. at 2 (ECF No. 4).

Thereafter, the EEOC moved to substitute Jai Hanuman LLC "for the previously unknown XYZ Company(s)/Corporations." Pl's Renewed Mot. to Am. Compl. at 1 (ECF No. 52). The court granted the request, and the EEOC filed its Second Amended Complaint. ECF No. 87. On December 16, 2016, after learning that Defendant Jai sold the Taos Hotel to SGI, LLC (SGI), the EEOC filed its second motion to amend the complaint to add SGI as a defendant. ECF No. 86. Jai and RW2 opposed the addition of SGI, ECF No. 94, and Jai moved to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 96. The court granted the EEOC's second motion to amend and denied Jai's motion to dismiss. ECF No. 178.

On September 28, 2017, the EEOC filed its Third Amended Complaint adding SGI as a party under a theory of successor liability. ECF No. 179. SGI moved to dismiss the Third Amended Complaint for failure to state a claim. ECF No. 186. SGI argued that

2

the EEOC failed to plead adequately the essential elements necessary to establish successor liability, including that SGI had notice of the lawsuit at the time it purchased the Taos Hotel. Id. The court ruled that although the Third Amended Complaint adequately pled many of the essential elements of successor liability, it failed to adequately plead that SGI had notice of the lawsuit at the time it purchased the Taos Hotel. Mem. Op. and Order at 8–10 (July 30, 2018) (ECF No. 199). While the court granted SGI's motion to dismiss, it also granted leave to the EEOC to amend its complaint to cure the notice issue. Id. at 9–10.

On August 13, 2018, the EEOC filed its Fourth Amended Complaint. ECF No. 201. On September 10, 2018, SGI moved to dismiss the Fourth Amended Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The court now considers this motion. ECF No. 203.

## Discussion
### A. Subject Matter Jurisdiction

SGI argues that the EEOC failed to adequately allege notice in connection with successor jurisdiction, Def.'s Mot. to Dismiss at 2 (ECF No. 203). SGI argues that before determining successor liability, a court must determine if it maintains jurisdiction over a Title VII claim. Id. The EEOC does not address SGI's jurisdictional argument in its response, but the court concludes that SGI's argument is foreclosed by Supreme Court precedent. See Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1850–51 (2019).

SGI argues that Title VII's charge-filing requirement must be satisfied to confer subject-matter jurisdiction. Def.'s Mot. to Dismiss at 2–4. According to SGI, because successor companies are not named in the original EEOC charge, a court lacks subject-matter jurisdiction over successor companies unless the successor had notice of the Title VII charge and an opportunity to voluntarily comply with the law. Id. The Supreme Court recently held that "Title VII's charge-filing requirement is not of jurisdictional cast." Fort Bend Cty., 139 S. Ct. at 1850–51. The Court explained that "federal courts exercise jurisdiction over Title VII actions pursuant to 28 U.S.C. § 1331's grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, 42 U.S.C. § 2000e–5(f)(3)." Id. Accordingly, the court rejects SGI's jurisdictional challenge because it is now clear that Title VII jurisdiction does not hinge on notice.

**B. Successor Liability**

SGI also urges dismissal under Rule 12(b)(6) because the EEOC's Fourth Amended Complaint does not sufficiently allege that SGI had actual or constructive notice of the pending EEOC claim when it purchased the Taos Hotel from Jai and therefore does not support a claim of successor liability. Def.'s Mot. to Dismiss at 4–8. The court agrees.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must contain sufficient facts that, taken as true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court accepts all facts alleged in a well-pleaded complaint as true and views the facts in the light most favorable to the plaintiff. Potts v. Ctr. for Excellence in Higher Educ., Inc.,

4

908 F.3d 610, 613 (10th Cir. 2018). But labels and conclusions cannot suffice for facts. Twombly, 550 U.S. at 555.

The general rule of nonliability for successor corporations is subject to four exceptions: "(1) [w]here the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporations; (3) where the purchasing corporation is merely a continuation of the selling corporation; and (4) where the transaction is entered into fraudulently in order to escape liability for such debts." Trujillo v. Longhorn Mfg. Co., 694 F.2d 221, 224 (10th Cir. 1982) (quoting W. Tex. Ref. & Dev. Co. v. Comm'r of Internal Revenue, 68 F.2d 77, 81 (10th Cir. 1933)).

As noted during this litigation, Mem. Op. and Order at 6 (ECF No. 199), the Tenth Circuit broadened Trujillo's third exception — i.e., the "continuation buyer" exception — in the context of Title VII claims by adopting the Sixth Circuit's nine-factor test for determining successor liability. See Trujillo, 694 F.2d at 224–25 & n.4.[2]

---

[2] The MacMillan factors include:

> 1) whether the successor company had notice of the charge, 2) the ability of the predecessor to provide relief, 3) whether there has been a substantial continuity of business operations, 4) whether the new employer uses the same plant, 5) whether he uses the same or substantially the same work force, 6) whether he uses the same or substantially the same supervisory personnel, 7) whether the same jobs exist under substantially the same working conditions, 8) whether he uses the same machinery, equipment and methods of production and 9) whether he produces the same product.

EEOC v. MacMillan Bloedel Containers, Inc., 503 F.2d 1086, 1094 (6th Cir. 1974). Although the EEOC argues that it is "premature to conduct the fact-

5

The nine MacMillan factors can be distilled into a three-factor test: "(1) whether the successor employer had prior notice of the claim against the predecessor; (2) whether the predecessor is able, or was able prior to the purchase, to provide the relief requested; and (3) whether there has been a sufficient continuity in the business operations of the predecessor and successor." Gamez v. Country Cottage Care & Rehab., 377 F. Supp. 2d 1103, 1116 (D.N.M. 2005) ((quoting Wheeler v. Snyder Buick, Inc., 794 F.2d 1228, 1236 (7th Cir. 1986)). "Of the three criteria to be considered, the first two — (1) notice of the claim to the successor prior to the purchase of assets and (2) the ability of the predecessor to provide the relief requested by the plaintiff—are the most important." Jackson v. Lockie Corp., 108 F. Supp. 2d 1164, 1167 (D. Colo 2000). These two factors are critical because of the "inequity of holding a successor liable when the predecessor is fully capable of providing relief or when the successor did not have the opportunity to protect itself by an indemnification clause or lower purchase price." Gamez, 377 F. Supp. 2d at 1117 (quoting Wheeler, 794 F.2d at 1236 (internal quotations omitted)).

Shortly after deciding MacMillan, the Sixth Circuit affirmed the importance of the notice requirement, holding that MacMillan's broader exception to successor liability should not apply when (1) charges were not filed with the EEOC at the time of the acquisition and (2) the successor corporation had no notice of any claim of discrimination

---

intensive weighing of the MacMillan factors," Pl.'s Resp. in Opp'n to Mot. at 17 (ECF No. 206), this court's decision is one on the sufficiency of the complaint given a motion to dismiss, a pure question of law. See Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009); Lowe v. Raemisch, 864 F.3d 1205, 1207 (10th Cir. 2017).

at the time of the acquisition.  See Wiggins v. Spector Freight Sys., Inc., 583 F.2d 882, 886 (6th Cir. 1978).  Given the importance of the notice factor, the court now analyzes whether the EEOC has adequately alleged that SGI had notice of the claim.

The Tenth Circuit has not decided whether constructive notice constitutes notice in this context.  That said, a few district courts within the circuit have concluded that such notice is sufficient.  See, e.g., Walker v. Faith Techs., Inc., 344 F. Supp. 2d 1261, 1268–69 (D. Kan. 2004); Scott v. Sopris Imps. Ltd., 962 F. Supp. 1356, 1359 (D. Colo. 1997).  Assuming without deciding that constructive notice is sufficient, the Fourth Amended Complaint's allegations are insufficient to show constructive notice as explained below.  Constructive notice is a legal presumption that arises "from the existence of facts and circumstances that a party had a duty to take notice of" and is imputed to the party regardless whether the party actually had notice of the particular factual circumstance.  Constructive Notice, Black's Law Dictionary (11th ed. 2019).

SGI points out that the EEOC has not alleged that SGI had actual notice of the pending claims.  Def.'s Mot. to Dismiss at 4.  The EEOC does not argue otherwise.  No allegation claims that SGI had actual notice of the EEOC's lawsuit in the Fourth Amended Complaint.  Accordingly, the next question is whether the Fourth Amended Complaint alleges facts sufficient to plausibly support constructive notice.

SGI argues that the Fourth Amended Complaint does not allege facts sufficient to show constructive notice.  Def.'s Mot. to Dismiss at 4–8.  The court agrees.  The EEOC's factual allegations relevant to the question of constructive notice fall into several categories:

7

(1) the terms of the purchase agreement between SGI and the seller, including SGI's right to conduct due diligence, Fourth Am. Compl. ¶¶ 35(a)–(f), (h)–(k);

(2) the existence of the lawsuit at the time of the purchase and what a Google search for "Whitten Inn Taos" would have revealed about the lawsuit and dispute, id. ¶¶ 35(g), (o), (p);

(3) the due diligence that SGI conducted and SGI's president's statement that he could have discovered the lawsuit through due diligence, id. ¶¶ 35(*l*)–(n), (q); and

(4) that SGI had constructive notice of the lawsuit, id. ¶ 35(r).

Taking each of these categories in turn, viewed in the light most favorable to the EEOC, none are sufficient to plausibly claim that SGI had constructive notice of the lawsuit. The complaint quotes portions of the purchase agreement signed by SGI's principal where the parties agreed that the property would be sold "as is," that SGI waived all claims against the seller for any losses, and that the buyer would inspect the property condition. But these allegations say nothing about SGI's duty to perform due diligence vis-à-vis the behavior or liabilities of the previous corporations that owned the property. Rather, by their plain language, these terms allocated liabilities concerning the parcel of land.[3]

---

[3] The EEOC argues that the purchase agreement also meets the first Trujillo exception (where the purchaser expressly or impliedly assumes the seller's liabilities). The court is not at all persuaded. Indemnity contracts "must clearly and definitely show an intention to indemnify against the loss or liability involved." Allied Hotels Co. v. H. & J. Const. Co., 376 F.2d 1, 2 (10th Cir. 1967). The purchase agreement did not do so. As described

Second, the existence of the lawsuit at the time of the purchase is not sufficient to show that SGI should have known that it could be exposed to successor liability. The EEOC has not alleged that there were any facts made known to SGI that would have given it notice to inquire further. See Trs. of Chi. Plastering Inst. Pension Tr. v. Elite Plastering Co., 603 F. Supp. 2d. 1143, 1151 (N.D. Ill. 2009) (requiring that successor must have prior knowledge of facts that would then mandate performing further diligence). If the simple existence of a lawsuit were enough to impute constructive notice to a successor owner, such a rule would require prospective purchasers to search infinite court dockets, using all possible names of their predecessors to determine whether potential liabilities may arise. Courts should be reluctant to impose due diligence requirements that are the product of 20–20 hindsight.

The EEOC suggests that a Google search could have revealed information pertinent to the dispute, but the court is extremely hesitant to require a particular internet search tool, let alone impose a methodology for such searches. Such is far afield from the proper, and properly limited, role of the court in commercial and social transactions.

Next, the EEOC alleges that SGI's president did not complete a thorough review of the business. This conclusion adds nothing, however, without allegations that there were some facts available to SGI that would call for it to perform such diligence. See Wheeler, 974 F.2d at 1237 & n.9 (successor company not liable even when it did not

---

in the complaint, the purchase agreement simply released Jai from liability for claims that SGI might have against Jai but did not broadly indemnify Jai for its past liabilities. See Fourth Am. Compl. ¶¶ 35(a)–(c).

perform due diligence); Trs. of Chi. Plastering Inst. Pension Tr., 603 F. Supp. 2d. at 1151. The notice analysis does not turn on the diligence exercised. Rather, it turns on whether there were facts and circumstances of which a party had a duty to take notice. See also Constructive Notice, Black's Law Dictionary (11th ed. 2019). Imposing a duty to uncover an employment dispute involving a predecessor's predecessor, with little or no knowledge of circumstances that mandate further inquiry, would turn constructive notice into needle-in-a-haystack notice.

As for the last category of allegations concerning notice, that SGI had constructive notice of the employment dispute when it purchased the property, labels and legal conclusions do not suffice for facts. The court will not consider this category. See Twombly, 550 U.S. at 555.

The EEOC has failed to allege sufficient facts to show that SGI had notice of the employment dispute when it purchased the Taos Hotel and dismisses the claim against SGI under Rule 12(b)(6).[4]

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that: Defendant SGI, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim filed September 10, 2018 (ECF No. 203) is granted on the basis of a failure to state a claim and denied on the basis of subject matter jurisdiction.

---

[4] SGI also contends that the EEOC has not alleged sufficient facts to satisfy the remaining MacMillan/Trujillo factors. Def.'s Mot. to Dismiss at 8–10. Having already decided in favor of SGI on the basis of lack of notice, the court does not reach the merits of SGI's additional argument.

DATED this 20th day of August 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Paul Frye and W. Gregory Kelly, Frye and Kelly, P.C., Albuquerque, New Mexico for Defendant SGI, LLC.

Jeff A. Lee, Senior Trial Attorney, Equal Employment Opportunity Commission, Albuquerque Area Office, Albuquerque, New Mexico, for Plaintiff EEOC.