# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ROARK-WHITTEN HOSPITALITY 2, LP d/b/a WHITTEN INN, JAI HANUMAN, LLC, d/b/a/ WHITTEN INN TAOS and/or EL CAMINO LODGE and SGI, LLC d/b/a/ El Camino Lodge,<br><br>    Defendants. | No. 1:14-cv-00884-PJK-LF |

## ORDER DENYING DEFENDANT SGI, LLC'S MOTION FOR ATTORNEY FEES

THIS MATTER comes before the court on Defendant SGI, LLC (SGI)'s Motion for Attorney Fees filed January 16, 2020. ECF No. 228. Upon consideration thereof, the motion is not well taken and should be denied.

### Background

The EEOC brought this action against Roark-Whitten Hospitality 2, LP d/b/a Whitten Inn (RW2) in September 2014. RW2 owned and operated a hotel in Taos, New Mexico (the Taos Hotel). The Complaint alleged that in 2009, RW2 engaged in unlawful employment practices by creating a hostile work environment as well as discriminating

and retaliating against employees. The EEOC learned that RW2 had sold the hotel and amended its complaint to add the unknown owner as a defendant. ECF No. 4. Upon learning the identity of the purchaser, the EEOC sought and was granted leave to amend its Complaint a second time to substitute Jai Hanuman, LLC (Jai) for the unknown owner. The EEOC filed its Second Amended Complaint on July 18, 2016. ECF No. 47. The EEOC then learned that the Taos Hotel had again been sold, this time to SGI. In May 2017, SGI's principal, Russell Harper, was deposed. The assigned district judge granted the EEOC's motion for leave to file a Third Amended Complaint adding SGI as a defendant over the objections of Jai and RW2. ECF No. 178. The district judge concluded that the amendment to add SGI would not be futile because "the EEOC has stated a claim against SGI for successor liability." Id. at 17. The EEOC filed the Third Amended Complaint on September 28, 2017. ECF No. 179.

SGI moved to dismiss the Third Amended Complaint. It argued that the EEOC had failed to adequately allege all the elements of successor liability, including that SGI had prior notice of the lawsuit. Another district judge granted the motion on July 30, 2018. ECF No. 199. The judge explained that the Third Amended Complaint "fail[ed] to allege a critical element of a successor liability claim—that SGI had notice of the EEOC claim at the time that it acquired its interest." Id. at 8. She noted that the EEOC claimed to have received additional documents and evidence that would "enable it to correct this defect." Id. Based on that representation, the judge granted the EEOC leave to amend the complaint. Id. at 10.

The EEOC filed a Fourth Amended Complaint on August 13, 2018. ECF No. 201.

2

The Fourth Amended Complaint alleged that "SGI had constructive notice of the EEOC's pending lawsuit." Id. at 10. The EEOC supported this allegation by pointing out that SGI admitted it had a due diligence duty under the terms of the contract and that a diligent search would have revealed the fact that there was a pending EEOC lawsuit. Id. at 10. The Fourth Amended Complaint did not allege that SGI had actual notice of the lawsuit.

On August 20, 2019, this court granted a Rule 12(b)(6) motion to dismiss the Fourth Amended Complaint as to SGI. ECF No. 215. The court held that the EEOC had failed to allege facts sufficient to show that SGI had constructive notice of the lawsuit. Id. at 10. The court declined to convert "constructive notice into needle-in-a-haystack notice" by "[i]mposing a duty to uncover an employment dispute involving a predecessor's predecessor, with little or no knowledge of circumstances that mandate further inquiry." Id. The court concluded that EEOC failed to allege "facts and circumstances of which [SGI] had a duty to take notice," as is necessary to support its constructive notice theory. Id.

## Discussion

SGI is a prevailing party and now seeks an award of attorney's fees. The court has discretion to award a prevailing Title VII defendant reasonable attorney's fees. 42 U.S.C. § 2000e-5(k). A discretionary fee award is appropriate only where an action "was frivolous, unreasonable, or groundless, or [] the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). When applying this standard, the court must "resist the understandable temptation to

3

engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. at 422–23. Accordingly, claims that are dismissed for failure to state a claim are not automatically frivolous. Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222, 297 F.3d 1146, 1153 (10th Cir. 2002). The standard is high, and only "rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." Mitchell v. City of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000).

Though the issue is close, the court will deny the motion given the above standard. The Fourth Amended Complaint attempted to state a claim for successor liability against SGI. SGI reminds the court that almost all of the events in question occurred in August 2009, long before SGI acquired the Taos Hotel. SGI maintains that the EEOC's decision to add it as a defendant was baseless because it "learned from its May 2017 deposition of SGI's principal that SGI had no notice of the suit against Whitten and Jai." ECF No. 228 at 13. But the Fourth Amended Complaint advanced a theory of successor liability based on constructive notice, not actual notice, and attempted to support this theory with factual allegations drawn from the May 2017 deposition. An action might not be frivolous even if "the law or the facts appear questionable or unfavorable at the outset." Christiansburg, 434 U.S. at 422. The court ultimately found the allegations of constructive notice lacking, but "hindsight logic" cannot be used to conclude that they were frivolous from the outset. Id.

SGI is correct that pursuing a case is not automatically reasonable simply because no Tenth Circuit case has rejected constructive notice given these facts. The court finds it

4

relevant to this analysis that both previously-assigned district judges apparently found the successor liability claims colorable. Claims dismissed after thoughtful consideration usually are not frivolous. Jane L. v. Bangerter, 61 F.3d 1505, 1513 (10th Cir. 1995). The EEOC's allegations of constructive notice fell on the low end of what could be considered reasonable, but they were not so "without foundation" that pursuing the action against SGI can be termed frivolous.[1] Christiansburg, 434 U.S. at 421.

SGI also contends that the EEOC's "utter failure to conciliate" before suing should support an award. ECF No. 243 at 10. The EEOC's decision to pursue litigation against a successor to a successor for wrongs committed years earlier without first attempting conciliation may well give one pause. But it is not clear that this questionable strategic decision can render the underlying case frivolous. Other circuits addressing the question have held that "[t]he mere fact that the EEOC may have failed to conciliate is not enough to find that bringing suit was unreasonable." EEOC v. Bruno's Restaurant, 13 F.3d 285, 288 (9th Cir. 1993). SGI has not pointed the court to controlling authority to the contrary. The court cannot conclude that EEOC's decision not to conciliate with SGI before suing them was so unreasonable that it renders the suit itself frivolous or vexatious.

NOW, THEREFORE, IT IS ORDERED that Defendant SGI's Motion for Attorney Fees filed January 16, 2020 (ECF No. 228), is denied.

---

[1] In its response, the EEOC disputes SGI's calculations of reasonable attorney's fees. Because the court finds that an award of fees is not merited, it does not reach these arguments.

DATED this 17th day of March 2020, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
UNITED STATES CIRCUIT JUDGE
Sitting by Designation